## MUELLER *v.* KAUFMAN.

JUDGMENT—SUMMARY JUDGMENT—STIPULATIONS.

Defendants in action for services rendered, who filed motion to dismiss on grounds of misjoinder of parties and of causes of action; then answered, reserving motion to dismiss and admitting liability on part of corporate defendant but denying it as to individual defendants; then filed stipulation admitting liability but providing nothing therein "contained shall operate to prevent defendants from presenting their defenses and contentions as to misjoinder of parties, which question is expressly reserved" and who did not raise defense of misjoinder of parties in affidavit of merits on behalf of individual defendants on motion for summary judgment *held*, precluded by stipulation from raising other defenses.

Appeal from Wayne; Campbell (Allan), J. Submitted October 7, 1936. (Docket No. 37, Calendar No. 39,119.) Decided December 8, 1936.

Assumpsit by Gustave A. Mueller against Abe Kaufman and others for services rendered as architect. From summary judgment for plaintiff, defendants appeal. Affirmed.

*Sempliner, Dewey, Stanton & Honigman* (*Thomas L. Poindexter,* of counsel), for plaintiff.

*Shapero & Shapero,* for defendants.

Toy, J. Plaintiff, an architect, brought this action at law to recover for services, claimed to have been rendered by him for defendants in the preparation of sketches, plans and proposals, and the examination, measurement and selection of sites, for the possible "future business and manufacturing location" of defendant brewing company. His declaration alleges that such services were performed at the request of defendants Kaufman and Hoffman, and that each, for himself, promised to pay therefor.

Plaintiff's declaration, with rule to plead was filed on April 16, 1935. On June 4th, thereafter, defendants filed their motion to dismiss the declaration for the following reasons:

"1st. Because it affirmatively appears that there has been an improper joinder of parties.

"2d. Because it affirmatively appears that there had been an improper joinder of causes of action."

On June 10th, the defendants filed their answer reserving their motion to dismiss, admitting that plaintiff was requested by defendants Kaufman and Hoffman to examine and prepare the stated plans,

etc., but denying any personal liability upon the part of Kaufman and Hoffman therefor.

The answer further admitted that the defendant corporation was liable to plaintiff for the reasonable value of his services.

Thereafter and on June 12, 1935, a stipulation was filed, which under date of June 11th had been entered into between the plaintiff and all defendants by their respective attorneys, as follows:

"1.    The amount claimed by plaintiff may be paid in full in the manner following:

"One hundred dollars at date hereof, receipt of which is hereby acknowledged; $100 on July 1, 1935; $100 on August 1, 1935; $100 on September 1, 1935; and the sum of $1,350 on or before October 1, 1935.

"2.    In event the defendants shall fail to make the payments as specified in the preceding paragraph or any of them within the time limited for such payment or payments, judgment may be entered for the plaintiff, after not less than 4 days' notice to defendants' attorneys, in the sum of $2,000, plus interest at the rate of 5 per cent. from the time of the rendition of plaintiff's services to the date of judgment in accordance with the bill of particulars attached to plaintiff's declaration, less, however, any payments on account made subsequent to the date of this stipulation.

"3.    It is understood and agreed that nothing in this stipulation contained shall operate to prevent defendants from presenting *their defenses* and contentions as to misjoinder of parties, which question is expressly reserved."

On June 24, 1936, plaintiff filed his motion for judgment "in accordance with the attached (above quoted) stipulation and for a summary judgment" against the defendants Kaufman and Hoffman. (The

defendant corporation had, since the time of commencement of suit, accomplished voluntary reorganization under section 77-B of the Federal Bankruptcy Act [11 USCA, § 207].)

The motion was supported by affidavit showing the amounts paid following the filing of the stipulation, and the balance due thereunder.

Defendant Hoffman filed his affidavit for himself and defendant Kaufman, alleging that plaintiff was hired by them for and on behalf of the corporation; that his services were performed for the corporation; that they are entitled to the benefit of the statute of frauds,* in that they cannot be compelled to answer for the debt of another (the corporation).

On hearing, the circuit court entered judgment for plaintiff.

Defendants Kaufman and Hoffman appeal therefrom. They claim as reasons and grounds for appeal that the circuit court was in error in holding as a matter of law that the stipulation on file (hereinbefore quoted) precluded the defenses offered by appellants' affidavit of merits, and in refusing to consider such affidavit of merits, and in not finding as a matter of law that the appellants "were acting as the officers of the corporation and therefore not personally liable."

We think their contentions to be without merit.

The appellants, after filing a motion to dismiss and an answer, saw fit to enter into a stipulation confessing liability and permitting judgment to be entered, if default occurred in making payment in accordance with the terms of such stipulation. They reserved to themselves the right to present "their defenses and contentions as to misjoinder of par-

---

* See 3 Comp. Laws 1929, § 13417.—Reporter.

ties.'' By the very terms of the stipulation, only this one question was "expressly reserved.'' But in their showing in opposition to the motion for judgment on the stipulation they raised no defense of "misjoinder of parties.'' They had precluded themselves, by their stipulation, from raising any other defense.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.